IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JESSICA L. RAMIREZ** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| **PETER ARTHUR PERRAULT,** | § | |
| **Individually and d/b/a** | § | |
| **A WAY OUT BAIL BONDS III, and** | § | |
| **LEOPOLDO PERRAULT BENITZ** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Jessica L. Ramirez, Plaintiff, who files this Original Complaint against Defendants Peter Arthur Perrault, Individually and d/b/a A Way Out Bail Bonds III, and Leopoldo Perrault Benitz, and for cause would respectfully show unto the Court as follows:

**1.**

STATEMENT OF THE CASE

1.1     This lawsuit was brought against the Defendants under the provisions of 42 U.S.C. §§ 2000e, et seq., as well as supplemental state law claims arising out of Defendants' discriminatory and malicious conduct directed towards the Plaintiff. Plaintiff's claims against the Defendants include hostile work environment, sexual harassment, gender discrimination and retaliation, as well as assault and battery perpetrated upon Jessica L. Ramirez by the Defendants, their officers, management, employees, representatives, borrowed servants, and/or agents.

1.2     The Plaintiff seeks damages, including but not limited to equitable, compensatory and punitive damages, back pay and benefits, front pay and benefits, attorney's fees, and all costs of court. Further, Plaintiff seeks both pre- and post-judgment interest.

**2.**

## JURISDICTION and VENUE

2.1    The Court has jurisdiction over the parties and subject matter jurisdiction over the controversy in question pursuant to the provisions of 28 U.S.C.A. §§ 1331 and 1367(a).

2.2    The events made the subject matter of this lawsuit predominantly occurred in Harris County, Texas.  Hence, venue is appropriate herein by virtue of 28 U.S.C.A. § 1391(b).

**3.**

## CONDITIONS PRECEDENT

3.1.    All conditions precedent to the filing of this lawsuit has been performed.  All administrative remedies were exhausted prior to the filing of Plaintiff's Title VII claims.

3.2    Plaintiff's Charge of Discrimination was jointly filed with the EEOC and the Texas Commission on Human Rights on March 26, 2010  Plaintiff subsequently received her Right to Sue on July 23, 2010.

**4.**

## PARTIES

4.1    Plaintiff Jessica L. Ramirez is an individual who resides in Harris County, Texas.

4.2    Defendant Peter Arthur Perrault, both in his individual basis, as well as in his capacity as d/b/a  A Way Out Bail Bonds III,  may be served with summons and complaint at 1601 Congress Street, Houston, Harris County, Texas 77002

4.3    Defendant Leopoldo Perrault Benitez is an individual who may be served with summons and complaint at his last known place of employment, A Way Out Bail Bonds III, which is located at 1601 Congress Street, Houston, Harris County, Texas 77002.

**5.**

BACKGROUND

5.1	Defendant Leopoldo Perrault Benitez manages A Way Out Bail Bonds III. At all times material hereto, Defendant Leopoldo Perrault Benitez was an officer, supervisor, employee, and agent for Defendant Peter Arthur Perrault d/b/a A Way Out Bail Bonds III.

5.2	At all times material hereto, the Plaintiff was an employee of Defendant Peter Arthur Perrault d/b/a A Way Out Bail Bonds III, and she was assigned to perform her duties, under the direct supervision and management of Defendant Leopoldo Perrault Benitez. All of the events complained of occurred while the Plaintiff was on duty as an employee of Defendant Peter Arthur Perrault d/b/a A Way Out Bail Bonds III. At all times relevant herein, the Plaintiff was working and/or acting in furtherance of the tasks which benefited Defendant Peter Arthur Perrault d/b/a A Way Out Bail Bonds III, and at all times relevant hereto was performing her tasks in the course and scope of her employment with Defendant Peter Arthur Perrault d/b/a A Way Out Bail Bonds III. The Plaintiff's direct supervisor and manager at the A Way Out Bail Bonds III was Defendant Leopoldo Perrault Benitez.

5.3	Plaintiff Jessica L. Ramirez begin her employment with Defendant A Way Out Bail Bonds III on July 27, 2008. After three days of employment, Plaintiff obtained a loan from A Way Out Bail Bonds III through Leopoldo Perrault Benitez. However, after obtaining the loan from Defendant Leopoldo Perrault Benitez, he begin requiring Plaintiff to have a sexual relationship with him in order to retain her employment. In December 2008, Plaintiff became pregnant from Defendant Leopoldo Perrault Benitez and ceased have a sexual relationship with him. On February 24, 2009, Plaintiff had an abortion after Defendant Leopoldo Perrault Benitez indicated to her that if she did not have the procedure Plaintiff could no longer be employed by A Way Out Bail Bonds

III.  After Plaintiff stopped having sexual relations with Defendant Leopoldo Perrault Benitez, he began to treat her like a slave, called her derogatory names, and forced her to work seven days a week.  Defendant Leopoldo Perrault Benitez would tell people that her treat the Plaintff in such a poor manner because she was "a stupid bitch."  Even though she didn't have any money or alternate means of employment, as a result of the of cruel treatment imparted upon her by the Defendants, the Plaintiff was constructively discharged from her position at A Way Out Bail Bonds on December 29, 2009.

5.4     All of the acts discussed above adversely affected conditions of the Plaintiff's employment, thereby creating a hostile work environment for her due to the ongoing sexual harassment perpetrated by Defendant Leopoldo Perrault Benitez.  In addition, the Defendants also retaliated against the Plaintiff subsequent to the pregnancy, and continually treated her in a cruel manner that would shock the conscious of any reasonable person.  This retaliatory and intentional conduct served to exacerbate an already intolerable situation.  As a result of the harassment, assault, and hostile work environment created by Defendants, as well as the retaliatory conduct engaged in by said Defendants, the Plaintiff was constructively discharged from her employment with the Defendants.  Hence, the Plaintiff was discriminated and retaliated against, as well as assaulted because of her gender (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, as well as the Texas Commission on Human Rights Act, as amended.

**6.**

FIRST CAUSE OF ACTION –
<u>SEXUAL DISCRIMINATION</u>

6.1     Plaintiff incorporates by reference all previous statements of fact, as if repeated verbatim herein, in this her First Cause of Action.

6.2     With respect to the liability of the Defendants, Plaintiff specifically pleads the applicability of 42 U.S.C.A. §§ 2000e, et seq.

6.3     An employee can maintain a cause of action under Title VII of the Civil Rights Act of 1964 against an employer and other employees if those parties sexually discriminate or retaliate in any manner against the aggrieved employee with respect to the terms, conditions and privileges of their employment, or adversely affects in any other manner the aggrieved party's status as an employee.

6.4     The discriminatory/retaliatory acts and/or omissions of the Defendants were a proximate and producing cause of the injuries suffered by the Plaintiff, as described herein. The Defendants are liable in many respects, which include, but are not limited to, the following:

   A.   Defendants' had a duty, and failed in that duty to refrain from creating a hostile working environment that was severe and pervasive, and not allow Defendant Leopoldo Perrault Benitez to make continued and unwanted sexual advances upon the Plaintiff. Defendants' failure in that duty was a proximate cause of the injuries sustained by the Plaintiff.

   B.   Defendants' had a duty, and failed in that duty to refrain from retaliating against the Plaintiff after she rebuffed Defendant Leopoldo Perrault Benitez's unwanted and continuing sexual harassment. Defendants' failure in that duty was a proximate cause of the injuries sustained by the Plaintiff.

   C.   Defendants' had a duty, and failed in that duty to refrain from physically and/or verbally assaulting the Plaintiff because of her gender and refusal to carry on a sexual relationship with Defendant Leopoldo Perrault Benitez. Defendants' failure in that duty was a proximate cause of the injuries sustained by the Plaintiff.

   D.   Defendants' had a duty, and failed in that duty to refrain from sexually discriminating against the Plaintiff. Defendants' failure in that duty was a proximate cause of the sexual assault and other injuries sustained by Plaintiff.

6.5     Upon information and belief, there are other acts of discrimination which may be proved at trial. Each and all of the foregoing discriminatory and/or retaliatory acts or omissions on the part of the Defendants were proximate causes of the injuries sustained by the Plaintiff.

7.

## SECOND CAUSE OF ACTION –
## STATUTORY NEGLIGENCE OF EMPLOYERS

7.1     Plaintiff incorporates by reference all previous statements of fact, as if repeated verbatim herein, in this her Second Cause of Action.

7.2     With respect to the liability of the Defendants, Plaintiff specifically pleads the applicability of 42 U.S.C.A. §§ 2000e, Et Seq.

7.3     The negligent acts and/or omissions of the Defendants were a proximate and producing cause of the injuries suffered by the Plaintiff, as described herein.  The Defendants are liable in many respects, which include, but are not limited to, the following:

   A.   The Defendants had a duty, and failed in that duty to take reasonable precautions, or exercise reasonable and prudent care to enforce policies and/or procedures for control of sexual discrimination vis-à-vis unwanted sexual harassment and the creation of a hostile work environment, as well as retaliatory and assaultive conditions in the work place. Defendants' failure in that duty was a proximate cause of the injuries sustained by the Plaintiff.

   B.   The Defendants had a duty, and failed in that duty to take reasonable precautions, or exercise reasonable and prudent care to maintain a work environment which was free from retaliation, sexual harassment and/or gender discrimination, assault and the creation of a hostile work environment.  Defendants knew, or should have known that the Defendant Leopoldo Perrault Benitez would continue to sexually harass the Plaintiff and retaliate against her when she rebuffed his continued unwanted entreaties.  Defendants' acts and/or omissions would eventually cause the Plaintiff's constructive discharge. Defendants' failure in that duty was a proximate cause of the injuries sustained by the Plaintiff.

7.4     Upon information and belief, there are other negligent acts or omissions which may be proved at trial.  Each and all of the foregoing acts or omissions on the part of the Defendants were a proximate cause of the injuries sustained by the Plaintiff.

8.

## THIRD CAUSE OF ACTION – VICARIOUS LIABILITY OF EMPLOYERS

8.1     Plaintiff incorporates by reference all previous statements of fact, as if repeated verbatim herein, in this her Third Cause of Action.

8.2     With respect to the liability of the Defendants, Plaintiff specifically pleads the applicability of 42 U.S.C.A. §§ 2000e, et seq.

8.3     Defendants Peter Arthur Perrault, Individually and d/b/a A Way Out Bail Bonds III are vicariously responsible for the acts of their supervisors, employees, agents, and management personnel, including, but not limited to Defendant Leopoldo Perrault Benitez, who in the course and scope of their employment as the assistant store manager of A Way Out Bail Bonds, engaged in ongoing acts of retaliation, assault, sexual harassment, and discrimination against the Plaintiff, as well as the creation of a hostile work environment for the Plaintiff.

9.

## FOURTH CAUSE OF ACTION – ASSAULT AND/OR BATTERY UNDER STATE LAW

9.1     Plaintiff incorporates by reference all previous statements of fact, as if repeated verbatim herein, in this her Fourth Cause of Action.

9.2     With respect to the liability of the Defendants, they can be held responsible for the intentional tort of assault under Texas state law.

9.3     At the time of the events giving rise to this lawsuit, Defendant Leopoldo Perrault Benitez was the Manager of A Way Out Bail Bonds III. He was responsible for the day–to–day oversight and control of the store. On information and belief, Defendant Leopoldo Benitez physically and verbally assaulted the Plaintiff, and thereafter attempted to cover it up. This

malicious conduct was a proximate cause of the injuries sustained by the Plaintiff, and is separate and apart from her Title VII claims.

10.

### FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

10.1   Plaintiff incorporates by reference all previous statements of fact, as if repeated verbatim herein, in this her Fifth Cause of Action.

10.2   The Defendants are additionally liable for the intentional infliction of emotional distress imparted upon the Plaintiff arising out of the intentional, malicious and/or reprehensible conduct directed towards her by the Defendants.

11.

### RATIFICATION and RESPONDEAT SUPERIOR

11.1   By failing to take any remedial steps, the Defendants ratified the retaliatory conduct, sexual harassment, assault, gender discrimination, and creation of a hostile work environment that was perpetrated upon the Plaintiff by Defendant Leopoldo Perrault Benitez.

11.2   Under the Doctrine of Respondeat Superior, the Defendants are liable to the Plaintiff for the creation of a hostile work environment, gender discrimination, assault and retaliatory conduct perpetrated upon her by Defendants Leopoldo Perrault Benitez; which such acts and/or omissions resulted in the injuries sustained by the Plaintiff.

12.

### GROSS NEGLIGENCE

12.1   The Plaintiff would show that the Defendants were grossly negligent and wholly indifferent to the rights of the Plaintiff.  The negligent, discriminatory, and intentional conduct of

the Defendants was more than momentary thoughtlessness or inadvertence. Rather, Defendants acted with a conscious indifference or reckless disregard for the rights and welfare of the Plaintiff.

12.2    The Defendants engaged in intentional retaliatory acts, a sexual assault and an assault and battery, a cover–up of both assaults, and also created a hostile work environment for the Plaintiff. The Plaintiff made the Defendants aware that their conduct was unwelcome and harassing, yet they continued with their menacing tactics in a clear attempt to force the Plaintiff to resign her position of employment, or cause her termination of employment through other means.

12.3    Defendants knew their officers, managers, employees, agents and/or representatives were engaging in harassing and retaliatory conduct, as well as creating a hostile work environment for the Plaintiff, yet took no steps to stop it or intervene on the Plaintiff's behalf, thereby either electing to participate in the discriminatory conduct, or acquiescing to the continued malfeasance of Defendant Leopoldo Perrault Benitez and others.

12.4    Such reckless, malicious, intentional and/or strictly liable conduct on the part of the Defendants constitutes gross negligence, for which said acts and/or omissions the Plaintiff seeks punitive damages herein.

13.

### EQUITABLE RELIEF

13.1    Plaintiff incorporates by reference all previous statements of fact, as if repeated verbatim herein, in this her claim for Equitable Relief.

13.2    Plaintiff specifically pleads the applicability of 42 U.S.C.A. § 2000e-5(g).

13.3    the Defendants engaged in an intentional discriminatory manner towards the Plaintiff, with malice or reckless indifference to her rights as a woman, as well as her safety and welfare, and as such are liable to the Plaintiff for equitable relief.

13.4   Plaintiff requests the court to award her all back pay and the value of back benefits which were canceled, including all past-interest accrued thereon.

13.5   Plaintiff requests the court to award her all front pay and/or front benefits, and all post-petition interest.

13.6   Plaintiff requests the Court to award her all medical expenses that arose out of the injuries incurred by the Plaintiff.

14.

COMPENSATORY DAMAGES

14.1   Plaintiff incorporates by reference all previous statements of fact, as if repeated verbatim herein, in this her claim for Compensatory Damages.

14.2   The Defendants engaged in an intentionally discriminatory manner towards the Plaintiff, with malice or reckless indifference to her rights, her safety and welfare, and as such are liable to the Plaintiff for compensatory damages, including, but not limited to future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses for which the Plaintiff hereby makes claim against the Defendants.

15.

PUNITIVE DAMAGES

15.1   Plaintiff incorporates by reference all previous statements of fact, as if repeated verbatim herein, in this her claim for Punitive Damages.

15.2   Plaintiff specifically pleads the applicability of 42 U.S.C.A. § 1981a.

15.3   The Defendants engaged in an intentionally discriminatory manner towards the Plaintiff, with malice or reckless indifference to her rights, her safety and welfare, and as such are

liable to the Plaintiff for punitive damages for which the Plaintiff hereby makes claim against the Defendants.

16.

## ATTORNEY'S FEES

16.1   Plaintiff incorporates by reference all previous statements of fact, as if repeated verbatim herein, in this her claim for Attorney's Fees.

16.2   Plaintiff specifically pleads the applicability of 42 U.S.C.A. § 2000e-5(k).

16.3   Plaintiff requests the court to award her all reasonable attorney's fees and expenses incurred by her in prosecuting this lawsuit against the Defendants.

17.

## COSTS OF COURT

17.1   Plaintiff incorporates by reference all previous statements of fact, as if repeated verbatim herein, in this her claim for Costs of Court.

17.2   Plaintiff specifically pleads the applicability of 42 U.S.C.A. § 2000e-5(g).

17.3   Plaintiff requests the court to award her all costs of court incurred by her which are attributable to her prosecution of this lawsuit against the Defendants.

18.

## PRE- AND POST-JUDGMENT INTEREST

18.1   Plaintiff pleads for both pre – and post– judgment interest at the maximum rates allowed by law.

19.

## JURY DEMAND

19.1   In accordance with the provisions of 42 U.S.C.A. § 1981a(c), Plaintiff hereby

requests a trial by jury on all issues of fact asserted herein. Plaintiff has remitted all required jury fees.

Wherefore, premises considered, Plaintiff prays for the court to award her the following in this proceeding:

a. all back pay and the value of back benefits which were canceled, including all past-interest accrued thereon;

b. all front pay and/or front benefits, and all post-petition interest;

c. all medical expenses arising out of the injuries sustained by the Plaintiff;

d. compensatory damages, including, but not limited to future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

e. punitive damages;

f. attorney's fees;

g. costs of court;

h. pre-judgment and post-judgment interest at the maximum rates allowed by law; and,

I. for such other and further relief as this court deems just.

Respectfully submitted this 21st day of October, 2010.

                                                LAW OFFICES OF JOHN C. OSBORNE, P.L.L.C.

By:   / S / D.W. Ghisalbert
       David W. Ghisalbert
       State Bar No. 24043687
       Federal ID No. 21818
       Galleria Financial Center
       5065 Westheimer Rd., Suite 722 E
       Houston, Texas 77056
       (713) 840-0283 [telephone]
       (713) 840-8915 [facsimile]

COUNSEL FOR PLAINTIFF